# UNITED STATES DISTRICT COURT
## for the
### District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
May 8, 2025 2:12 PM
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br>Rudy PEREZ<br><br>Defendant(s) | Case No.<br>MJ25-00511 WRP |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 1, 2025** in the county of **Hawaii** in the District of **Hawaii**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of Removed Alien |

This criminal complaint is based on these facts:

See attached AGENT'S AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT.

☑ Continued on the attached sheet.

_Complainant's signature_

Edward Byrne, Special Agent HSI
_Printed name and title_

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: **May 8, 2025**

City and state: **Honolulu, HI**

Wes Reber Porter
United States Magistrate Judge

AGENT'S AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Edward Byrne, being duly telephonically sworn, deposes and states as follows:

1. I am a "law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), who is empowered by law to conduct investigations, and make arrests.

2. I am a Special Agent with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"). I am currently assigned to the HSI Resident Agent in Charge ("RAC") Outer Islands Office which is responsible for investigating a broad scope of violations of Federal law, which include, but are not limited to vulnerabilities in the nation's border, infrastructure, and economic and transportation systems. In the course of my duties, I have investigated, apprehended, and prepared for prosecution cases against persons who have illegally entered the United States which are criminal violations set forth in the Immigration and Nationality Act.

3. The information contained in this affidavit was derived from (1) personal investigative knowledge; (2) information related to me by other law enforcement officers associated with this investigation; and (3) from witnesses with personal knowledge of the events they have told me; (4) and from information obtained from official records and Alien Registration File Number Axxxxxx597. This affidavit summarizes this information but does not attempt to provide each, and every, factual detail discovered during this investigation. The information set forth herein is to establish that probable cause exists to arrest Rudy PEREZ for violation of Title 8, United States Code, Section 1326(a).

4. PEREZ is a Guatemalan citizen/national who was previously removed from the United States (US). PEREZ was never a US citizen. Agents ran PEREZ through DHS systems and determined PEREZ had recently been in state court on a criminal matter on the island of Hawaii.

## Removal History

5. On November 23, 2012, PEREZ was apprehended while attempting to enter the United States without inspection in Laredo Texas. PEREZ was found to be in violation of 8 U.S.C. § 1325(a)(1). PEREZ was issued an Expedited Removal and an I-860. On December 19, 2012, PEREZ was removed from the United States to Guatemala.

## Criminal History

6. On November 11, 2020, PEREZ was arrested by the Hawaii Police Department for operating a vehicle under the influence of an intoxicant (HRS 291E-0061(A)(1), driving without a license (HRS 286-0102)(B)(4), and operating a vehicle without insurance (HRS 431:10C-104(A). On January 6, 2021, PEREZ was found guilty of Driving under the influence of an intoxicant and sentenced to a $250.00 fine. The remaining charges were dismissed.

7. On January 10, 2025, PEREZ was arrested by the Hawaii Police Department for operating a vehicle under the influence of an intoxicant (HRS 291E-0061(A)(1), operating a vehicle without insurance (HRS 431:10C-104(A), and driving without a license (HRS 286-0102)(B)(4). These charges have not been adjudicated.

## Presence in the United States

8. On March 6, 2025, HSI Resident Agent in Charge Ryan Faulkner observed PEREZ in a public parking lot in Kailua-Kona, Hawaii, but due to a lack of resources, he did not approach PEREZ to take him into custody.

9. On May 1, 2025, HSI encountered PEREZ in Kailua-Kina, Hawaii and visually confirmed his identity. HSI arrested PEREZ for violation of section 212(a)(6)(A)(i); Present Without Admission or Parole("PWA"). During processing, scans of PEREZ fingerprints were obtained which resulted in a biometric match for fingerprints previously obtained from PEREZ's 2012 removal.

## Alien Registration File

10. On April 12, 2025, a review of a series of documents from PEREZ's Alien Registration File ("A File") under Alien Registration File Number

Axxxxxx597 was conducted. Within the A-file of PEREZ, there is an executed I-205, Warrant of Removal/Deportation to Reinstate Prior Order documents. These documents establish PEREZ was deported from the United States to Guatemala on December 19, 2012, at Del Rio, Texas.

11.   On April 15, 2025, a search in a United States Citizenship and Immigration Services law enforcement database was conducted and revealed no evidence that PEREZ was granted permission by the Attorney General of the United States or his successor, the Secretary for Homeland Security for re-application for admission into the United States after his most recent removal on December 19, 2012.

## Statement

12.   On May 1, 2025, HSI agents conducted a recorded interview with PEREZ. PEREZ confirmed that he understood English and his rights. He then made a statement without an attorney present. PEREZ confirmed that he was removed from the United States in 2012. PEREZ told agents that he most recently reentered the United States in Arizona in 2016 and then travelled to Hawaii.

\ \

\ \

\ \

\ \

\ \

## Conclusion

13.   Based on the facts described above, and on my training and experience, I submit that there is probable cause to arrest the defendant, PEREZ, for violating Title 8, United States Code, Section 1326(a).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Edward Byrne
Special Agent
Homeland Security Investigations

This Criminal Complaint and Agent's Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 11:34 a.m. on May 8, 2025.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to FRCP 4(d) and 4.1(b)(2)(A) this 8th day of May 2025.



_____
Wes Reber Porter
United States Magistrate Judge

4